The document below is hereby signed.

Signed: July 30, 2018

_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
SHELTON FEDERAL GROUP, LLC,        )   Case No. 15-00623
                                   )   (Chapter 7)
              Debtor.              )
_____)
                                   )
MARC E. ALBERT, CHAPTER 7          )
TRUSTEE FOR THE ESTATE OF          )
SHELTON FEDERAL GROUP, LLC,        )
                                   )
              Plaintiff,           )
                                   )
       v.                          )   Adversary Proceeding No.
                                   )   17-10036
CORE CONTRACTORS LLC, et           )
al.,                               )
                                   )
              Defendants.          )
```

MEMORANDUM DECISION AND ORDER RE TRUSTEE'S
MOTIONS FOR DEFAULT JUDGMENT AGAINST THREE DEFENDANTS

Christopher Shelton opposes the trustee's motions for default judgments against three defendants, The Shelton Group, LLC ("TSG"), Same Day Aggregates, LLC, and Woodfin Heating, Inc.

I

I address first the motion for default judgment against TSG. The amended complaint alleges that between December 1, 2014, and

the Petition Date (the "Insider Preference Period"), $260,000 in transfers were made to Christopher Shelton or, in the alternative, TSG.  As to TSG, Counts 1 through 3 of the amended complaint seek to avoid those transfers under 11 U.S.C. § 547(a) as preferences made within the one-year preference period applicable to insiders; or as fraudulent conveyances under 11 U.S.C. § 548(a)(1)(A); or as fraudulent conveyances under 11 U.S.C. § 548(a)(1)(B), and each count seeks a recovery of the avoided transfers under 11 U.S.C. § 550.  As to Christopher Shelton, Counts 4 through 6 seek to avoid and to recover the transfers on the same grounds.

Shelton argues that a default judgment against TSG could be inconsistent with a judgment in his favor, and thus that, under Fed. R. Civ. P. 54(b), the court ought not enter a final appealable default judgment against TSG.  Although Shelton does not cite *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872), that is the decision that has led to courts sometimes holding that a default judgment ought not be entered against one defendant if other defendants are sued on the same claim.  *Frow* was a case in which multiple defendants (including Frow) held title to property that De La Vega alleged was derived from a forged power of attorney, and he sought an order decreeing that title was in him.  When a default judgment was entered against Frow, decreeing that as against him, title was in De La Vega, he

appealed, and during the pendency of the appeal, judgment was entered in favor of the other defendants, dismissing De La Vega's claim to title and effectively decreeing that title was *not* in De La Vega.  Necessarily, the inconsistent default judgment against Frow ought not have been allowed to stand, and the Court remanded the case to have the default judgment vacated.  Because it was foreseeable that a judgment in favor of the other defendants necessarily would mean that De La Vega was not entitled to relief against Frow regarding the single res at issue, the Court reasoned, a default judgment against Frow ought not have been entered until the case was adjudicated as to the other defendants.

In this circuit, and most other circuits that have addressed the issue, *Frow* is narrowly construed.  *Frow* involved a single res, and necessarily a judgment decreeing the plaintiff entitled to title to the res would depend on all defendants not being entitled to title.  Thus, as noted in *Carter v. District of Columbia*, 795 F.2d 116, 137 (D.C. Cir. 1986) (quoting 6 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 55.06, at 55–38 to 55–39 (2d ed. 1985)), "*Frow* responded to the reality that '[u]nder plaintiff's demand for relief, it was necessary that judgment be entered against all of the defendants in order to be effective.'"  *Frow* is thus narrowly construed.  *See also Whelan v. Abell*, 953 F.2d 663, 674-75 (D.C. Cir. 1992) ("a default order that is

inconsistent with a judgment on the merits must be set aside only when liability is truly joint—that is, when the theory of recovery requires that all defendants be found liable if any one of them is liable—and when the relief sought can only be effective if judgment is granted against all"); *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1257 (7th Cir. 1980) (*Frow* not applicable where different results as to different parties not logically inconsistent); *International Controls Corp. v. Vesco*, 535 F.2d 742, 746 (2nd Cir. 1976) (default order improper where liability "is truly joint-that is, when the theory of recovery requires that all defendants be found liable if any one of them is liable").

The subsequent enactment of Federal Rule of Civil Procedure 54(b), which authorizes entry of default judgment against fewer than all parties if there is no just reason for delay, casts doubt on the extent to which *Frow* retains any force. *See Vesco*, 535 F.2d at 746 n.4 ("at most, *Frow* controls in situations where the liability of one defendant necessarily depends on the liability of the others").

Although the counts against TSG and Shelton read the same way, those counts could result in a judgment in favor of Shelton without such a judgment being inconsistent with a default judgment against TSG. For example, Shelton might show that the transfers were not to him or for his benefit. The holding of

4

*Frow* does not apply.

Under Rule 54(b), when granting a default judgment will not dispose of all of claims in the action, the court may direct entry of the default judgment as a final judgment "only if the court expressly determines that there is no just reason for delay." The motion for entry of a default judgment against TSG did not specifically include a request for such a determination. Under Rule 54(b), without such an express determination, the court could direct entry of the default judgment, but the default judgment would not be a final judgment, and Rule 54(b) provides that such a non-final default judgment "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." However, both Shelton and the plaintiff have viewed the motion for a default judgment against TSG as seeking entry of a final judgment against TSG, and it is only on that basis that Shelton's raising the *Frow* argument would be pertinent. For the reasons that follow, I expressly determine that there is no just reason for delay and will direct the clerk to enter a default judgment against TSG as a final judgment.

Shelton points to no real prejudice to him if a default judgment is entered against TSG. The default judgment against TSG will not have any collateral estoppel effect as to him. On

5

the other hand, delaying entry of a default judgment could result in prejudice to the plaintiff because collecting the default judgment might prove more difficult if the entry of a default judgment is postponed until claims against Shelton are adjudicated, which could be many months from now.  Because TSG has not bothered to defend, there is little likelihood that it will prosecute an appeal from a default judgment, particularly because it has never sought to set aside the entry of default against it.  There is thus little likelihood of piecemeal appeals.  As to TSG, Shelton does not have standing to complain of prejudice to TSG, and, in any event, if the court ultimately enters a judgment in favor of Shelton that rests on grounds that make a default judgment against TSG inconsistent, TSG can move under Fed. R. Civ. P. 60(b)(5) or (6) to have the default judgment set aside.

II

The plaintiff seeks to avoid transfers to Same Day Aggregates, LLC and Woodfin Heating, Inc. that have nothing to do with the transfers allegedly made to Shelton or TSG.  As in the case of TSG, both Shelton and the plaintiff view the motions for default judgments against these two defendants as seeking the entry of final judgments, and Shelton relies on *Frow* in opposing the motions.  It is possible that a judgment could be entered in favor of Shelton that would not be inconsistent with the entry of

6

default judgments against these two defendants. (Indeed, the plaintiff could have filed separate adversary proceedings against those two defendants, and obviously *Frow* would have had no applicability had he proceeded in that fashion.) Accordingly, *Frow* does not require that I stay the entry of final default judgments against these two defendants. For the same reasons discussed as to TSG, I expressly determine that there is no just reason for delay, and I will direct the clerk to enter default judgments against Same Day Aggregates, LLC and Woodfin Heating, Inc. as final judgments. If the court ultimately enters a judgment in favor of Shelton that rests on grounds that are inconsistent with the default judgments against Same Day Aggregates, LLC and Woodfin Heating, Inc., those entities can move under Fed. R. Civ. P. 60(b)(5) or (6) to have the default judgments set aside.

III

It is thus

ORDERED that the plaintiff's motions for default judgments against The Shelton Federal Group, LLC, Same Day Aggregates, LLC, and Woodfin Heating, Inc. are GRANTED and I direct the clerk to enter the default judgments that follow as final judgments as to those defendants.

[Signed and dated above.]

Copies to: All counsel of record.

R:\Common\TeelSM\Judge Teel Docs\Albert v. Core Contractors - Memorandum Order re Christopher Shelton Oppose to Mtns for Default Judgt_v10.wpd

7